IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY SMITH, | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 10-7073 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CRIMINAL ACTION |
| | : | |
| | : | 07-0145 |

## MEMORANDUM OPINION

**Tucker, J.**                                                                                             **July __, 2012**

Presently before this Court is Petitioner Rodney Smith's ("Smith") Habeas Corpus Petition to Vacate/Set Aside/Correct Sentence Pursuant to U.S.C. § 2255 (Doc. 77), and the Government's Memorandum in Opposition thereto (Doc. 81).[1] Petitioner claims ineffective assistance of trial, post-trial and appellate counsel.

This Court will deny Petitioner's Habeas Corpus Motion because Petitioner's ineffective assistance of counsel argument does not satisfy the standard of Strickland v. Washington, 466 U.S. 668, 687 (1984).

## BACKGROUND

On March 20, 2007, a federal grand jury in the Eastern District of Pennsylvania indicted Smith of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), in connection with an incident that occurred on January 4, 2005.

On August 23, 2007, the federal grand jury returned a superseding indictment which included Count One from the original indictment, and an additional count of possession of two firearms and

---

[1] The Court declines to review Petitioner's Reply (Doc. 82), as Petitioner failed to file a motion for leave to file said reply, in accordance with the Court's procedures.

ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), in connection with an incident that occurred on May 4, 2007.

On February 6, 2008, after a three-day trial, a jury verdict was returned. The jury found Smith guilty on both counts. On May 15, 2008, Smith's sentencing hearing was held. At the hearing, the Court determined that Smith's total offense level was 40, and that he was in a criminal category of VI, which led to an advisory guideline range of 360 months to life imprisonment. Ultimately, the Court followed the advisory guideline, and sentenced Smith to 360 months, five years of supervised release, a fine of $5,000, and a $300 special assessment fee. Smith filed a timely appeal. The Third Circuit affirmed both the conviction and sentence. United States v. Smith, No. 08-2468 (3d Cir. Jan. 12, 2010) (unrep. mem. op.).

Presently before this Court is Smith's timely Habeas Corpus Motion under 28 U.S.C. § 2255, filed on December 29, 2010.

## DISCUSSION

This Court will deny Petitioner's Habeas Corpus Motion. Petitioner has failed to prove ineffective assistance of counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). The Court sets forth below solely the facts that are relevant to Petitioner's claims.

### A.     Effective Trial and Appellate Counsel

Mr. Smith alleges that he received ineffective assistance of trial counsel from Giovanni Campbell, Esq., his trial attorney, and his appellate counsel, David Rudenstein, Esq., due to the following: (1) failure to present the argument that the Government provided insufficient elements, or predicate convictions, in the superseding indictment; (2) erroneously withdrawing an objection to the Section 924(e) charge against Petitioner, specifically concerning Petitioner's 1979 prior conviction, without first having the Government prove their case; and (3) failure to object and/or file a pretrial

motion concerning Petitioner's convictions predating the Sentencing Reform Act of 1984. However, the Government maintains, and this Court agrees, that Mr. Smith has failed to satisfy the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), making it appropriate for the Court to dismiss Smith's motion, and deny a certificate of appealability. The Court discusses each allegation in turn below.

In Strickland, the Supreme Court of the United States held that, in order for a defendant to prove ineffective assistance of counsel, he must satisfy a two-part test. Id. at 687. First, the defendant must show that his counsel's performance was deficient such that the attorney was not functioning as is required by the Sixth Amendment right to counsel. Id. Second, the deficient performance must prejudice the defense and as a result, the defendant must have been deprived of a fair trial. Id.

First, Petitioner Smith argues that his counsel was ineffective because they failed to submit the issue that his three prior convictions were not listed in the superseding indictment, and those convictions were not proven at trial. This issue, had it been asserted by Petitioner's counsel, would have been meritless.

Generally, it is not required for prior convictions to be listed in the indictment, nor do prior convictions need to be proven to the jury at trial. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (stating "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)); United States v. Ordaz, 398 F.3d 236, 241 (3d Cir. 2005) (rejecting claims that prior convictions on which sentencing enhancements were based must be alleged in the indictment and proven to the jury); United States v. Mack, 229 F.3d 226, 231 (3d Cir 2000) (stating "[e]very circuit that has addressed the issue has concluded that formal, pretrial notice is not constitutionally mandated.").

Thus, it was appropriate that the superseding indictment in this case did not include Smith's three prior convictions. Moreover, it was also appropriate that the Government did not submit the issue of Smith's prior convictions to the jury. Petitioner Smith's prior convictions were properly recorded on the Presentence Investigation Report, and his sentencing was consistent with the calculations therein. (Tr. Sentencing Hearing, May 15, 2008, at 30-31). Thus, the performance of Smith's counsel was not deficient for failing to raise this meritless issue.

Second, Petitioner Smith avers that his trial counsel was ineffective for failing to object to his 1980 conviction from the Philadelphia Court of Common Pleas Court being treated as a serious drug offense. Petitioner Smith personally objected to the submission of this conviction during his sentencing hearing (Tr. Sentencing Hearing, May 15, 2008, at 25). The record indeed shows that the offense in question constituted a serious drug offense, as certified documents show that Petitioner Smith was convicted for possession with intent to deliver methamphetamine (Gov't. Response in Opp'n. to Petitioner's Motion Pursuant to 28 U.S.C. § 2255, Ex. A).

The Government concedes that at sentencing, both the Probation Officer and Smith's trial counsel believed that a transcript, which was used to verify the nature of Smith's 1980 conviction, was from the guilty plea colloquy in Smith's Court of Common Pleas case. (Tr. Sentencing Hearing, May 15, 2008, at 6). Instead, the transcript obtained and used by the Probation Officer at sentencing was actually derived from the preliminary hearing in Smith's Court of Common Pleas case. The Supreme Court has stated that a preliminary hearing transcript is not enough to prove the nature of a conviction. Shephard v. United States, 544 U.S. 13 (2005) (finding that courts sentencing under the Armed Career Criminal Act, 18 U.S.C.§ 924(e), can review statutory elements, charging documents, and jury instructions to determine the nature of an earlier conviction after a jury trial). However, even if Smith's trial counsel's reliance of this preliminary hearing transcript rose to a level of deficient performance,

4

there was no prejudice suffered by Petitioner Smith.  To the contrary, the record shows that indeed, Petitioner Smith was properly characterized as a career criminal based on certified copies of Petitioner's felony convictions.  Accordingly, Petitioner fails to show under the Strickland standard that his trial or appellate counsel's representation was ineffective concerning this issue.

Third, Petitioner Smith avers that his trial and appellate counsel should have objected to Petitioner's convictions that predated the enactment of the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et. seq. (the "Act").  In essence, Petitioner alleges that the sentencing guidelines that allowed the Court to consider his pre-1984 convictions are unconstitutional ex post facto violations. The Court finds that the prior convictions at issue were properly considered by the Court.  Accordingly, Smith's counsel was not deficient in their representation concerning this issue.

During sentencing, the Court dismissed Petitioner's personal objection to the Court's consideration of such prior convictions, which Petitioner claimed were violative of the ex post facto clause of the Constitution.  (Tr. Sentencing Hearing, May 15, 2008, at 20-22; 24-25).   Petitioner Smith submits no legal basis for his claims that the Court's consideration of his pre- Act convictions amounted to an ex post facto violation.

 Generally, the Sentencing Reform Act of 1984 prevents the Court from imposing sentences for offenses that occurred prior to the enactment of that statute.  Moreover, the Court finds instructive the case of United States v. Brown, 879 F. Supp. 610 (S.D. Miss. 1995).  In its findings, the Brown court faced with the same issue, stated that generally, "[a] criminal law is ex post facto if it is retrospective and disadvantages the offender by altering substantial personal rights."  Id. at 612 (citations omitted).

Here, the Court was permitted, under the sentencing guidelines, to take into account Petitioner's past crimes.  Such prior crimes of Petitioner were not elevated post facto, nor did the Court's consideration of such crimes during sentencing constitute a more burdensome punishment for the pre-

1984 crimes that Smith committed. The Court simply took Petitioner's prior convictions, substantiated by certified documents as discussed above, and considered them as predicate acts that qualified Petitioner for career criminal status under the sentencing guidelines. Accordingly, the Court dismisses this claim.

Based on the above analyses, the Court finds that under the Strickland test, Petitioner Smith fails to demonstrate the deficient performance of his trial and appellate counsel.

### B. Effective Post-Trial and Appellate Counsel

Additionally, Petitioner Smith maintains that he received ineffective assistance of his post-trial and appellate counsel, David Rudenstein, Esq., due to counsel's refusal to communicate with Petitioner. More specifically, Petitioner Smith contends that appellate counsel was ineffective because Mr. Rudenstein failed to respond directly to several letters sent to him by Petitioner, which concerned the issues of Petitioner's appeal. Further, Petitioner avers that on February 25, 2009, he filed with the Third Circuit Court of Appeals a Motion to Amend Mr. Rudenstein's post-trial brief. Additionally, Petitioner attempted to have new post-trial counsel appointed, through his motions filed with the Third Circuit in March, April, and May 2009. Petitioner Smith submits no evidence that Mr. Rudenstein failed to communicate with Petitioner. Thus, Petitioner's bald assertions concerning Mr. Rudenstein's unresponsiveness are unsupported, and fail to show deficient performance by Mr. Rudenstein under the Strickland standard. Thus, the Court finds this claim meritless.

### C. No Certificate of Appealability

The Court will deny the issuance of a certificate of appealability in this matter, as Petitioner

Smith fails to meet the requirements.[2]  Where a Section 2255 motion is denied by the district court, the petitioner may appeal to the Court of Appeals only if he obtains a certificate of appealability, which requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Local Rule 22.2 provides that a determination concerning the issuance of a certificate of appealability should be made by the district court denying a petition under 28 U.S.C. § 2255.

Here, Petitioner Smith has failed to make a substantial showing of a denial of any constitutional right.  To present a "substantial showing of a denial of any constitutional right," in order to justify an appeal, Petitioner must submit more than mere allegations of a constitutional wrong, such as deprivation of the right to effective counsel.  The petitioner must make a substantial showing of such an error in order to present an appeal. Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996). For the reasons discussed herein, Smith has failed to make such a showing.  Accordingly, this Court declines the issuance of a certificate of appealability.

## CONCLUSION

For the foregoing reasons, this Court will deny Petitioner Rodney Smith's Habeas Corpus Motion, and denies the issuance of a certificate of appealability.  An appropriate order follows.

---

[2] The Court notes that Petitioner Smith failed to apply for a certificate of appealability in his *pro se* Petition for Habeas Corpus Motion pursuant 28 U.S.C. § 2255, however, the Court will determine this issue here in the interest of judicial economy.